# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

LAURA L. BAKER,     :  NO. 3:25-CV-00517
     Plaintiff,   :
          :
 v.        :
          :  (CAMONI, M.J.)
FRANK BISIGNANO,[1]    :
*Commissioner of Social Security*, :
     Defendant.  :

## MEMORANDUM OPINION

Plaintiff Laura Baker brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title XVI of the Social Security Act. Transcript, doc. 12-3 at 16. She challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment. *See* Pl.'s Br., doc. 17 at 20. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    <u>BACKGROUND</u>

Baker applied for disability insurance benefits under Title XVI of the Social Security Act on March 25, 2013, and May 20, 2021, alleging disability as of May 1, 2010, and on May 14, 2015. *See* doc. 12-3 at 16; doc. 12-9 at 72. Following initial denials, appeals, and hearings and final decisions by an Administrative Law Judge (ALJ), Baker filed prior actions in this Court. *See Baker v. Berryhill*, No. 16-2390; *Baker v. Kijakazi*, No. 21-901. In both cases, the Court vacated the ALJ's final decision and remanded to the Commissioner. *See* doc. 12-9 at 16 (April 30, 2019, Order); doc. 12-16 at 85 (September 29, 2022, Order).

Upon the most recent remand, the Appeals Council consolidated her cases and ordered that the ALJ conduct a new hearing and issue a new decision on the consolidated claims. *See* doc. 12-16 at 89-90. Following the new hearing, the ALJ issued a final decision denying Baker's claim. Doc. 12-15 at 22. Pending before the Court is Baker's third appeal seeking judicial review of the Commissioner's decision. Complaint, doc. 1 ¶ 2. This case is briefed (docs. 17-18) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28

U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 9.

### A.     The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(4). The ALJ assesses whether the claimant:

1.    has engaged in substantial gainful activity since the onset of the alleged disability;

2.    had a severe medically determinable impairment;

3.    suffered from an impairment listed in the regulations as presumptively disabling;

4.    could return to his past work; and

5.    could perform other available work in the national economy.

*See* § 416.920(a)(4)(i)–(v). Between steps three and four, the ALJ also determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 416.945(a)(1).

## B.    Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Baker "has not been under a disability" since "March 25, 2013," concluding at step five that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Doc. 12-15 at 20-21. Most relevant to Baker's appeal, the ALJ found at the RFC stage, that Baker has the residual functional capacity:

> [T]o perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to occasional climbing on ramps and stairs, but never crawling, and never climbing on ladders, ropes, or scaffolds. She must avoid unprotected heights and dangerous moving machinery. She must avoid overhead reaching with the bilateral upper extremities. She is limited to no more than frequent reaching in all other directions with bilateral upper extremities. She must avoid concentrated exposure to dusts, fumes, gases, and other pulmonary irritants. She must avoid exposure to extreme temperatures, extreme humidity, wetness, or vibration. She can understand, remember and carry out simple instructions but must avoid assembly line type work or work that requires hourly quotas. She is limited to no more than occasional changes in the work setting. She is limited to occasional interaction with supervisors and coworkers. She must avoid interaction with the public.

*Id.* at 12.

Baker raises three arguments on appeal: (1) the ALJ failed to resolve a conflict between the RFC finding and the vocational expert's

testimony; (2) the ALJ improperly evaluated medical opinion evidence; and (3) the ALJ failed to consider Baker's hearing impairment as severe. Doc. 17 at 20. Because the RFC determinations are supported by substantial evidence, the Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.   <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565

(1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but

compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Baker is disabled, but whether the Commissioner's finding that Baker is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  DISCUSSION

Baker argues that a remand is required because the ALJ: (1) failed to resolve a conflict between the RFC finding and the vocational expert's testimony; (2) improperly evaluated medical opinion evidence; and (3) failed to consider Baker's hearing impairment as severe. Doc. 17 at 20. The Court will address each argument in turn.

> **A.    The ALJ resolved any potential conflict and properly ensured consistency between the vocational expert's evidence and that of the DOT.**

Baker first argues that the ALJ's failure to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) warrants remand. *See* doc. 17 at 20-22. Specifically, Baker contends that the ALJ's RFC determination limited her to avoid overhead reaching, but the jobs that the vocational expert identified require varying degrees of reaching. *See id.*

As a general rule, occupational evidence provided by a vocational expert should be consistent with the occupational evidence presented in the DOT. *Zirnsak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014), citing SSR 00-4p, 2000 WL 1898704, at *2 (2000). To ensure consistency between the vocational expert's evidence and that of the DOT, the ALJ is required to

ask, on the record: (1) whether the vocational expert's testimony is consistent with the DOT; (2) elicit a reasonable explanation where an inconsistency does appear; and (3) explain in its decision how the conflict was resolved. *Zirnsak*, 777 F.3d at 617 (citation modified), quoting *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002). Mere presence of inconsistencies, however, does not mandate remand, so long as "substantial evidence exists in other portions of the record that can form an appropriate basis to support the result." *Id.*

Here, the ALJ has fully complied with the regulation. At the hearing, the ALJ recognized from the outset that the hypothetical question posed to the vocational expert included "a number of limitations that aren't specifically addressed in the [DOT]," so the ALJ informed the expert he would "be going through those afterwards and asking you about those." Doc. 12-15 at 87.[2] And the ALJ followed through.

---

[2] Other courts within the Third Circuit have found that when the DOT is silent as to overhead reaching, a vocational expert's testimony concerning a person with a limitation to overhead reaching does not create a conflict with the DOT. *See, e.g., Stockett v. Comm'r of Soc. Sec.*, 216 F. Supp. 3d 440, 460 (D.N.J. 2016). The Court need not reach this issue here because the ALJ fully complied with the regulation to resolve any potential conflict and ensure consistency. That said, the reasoning of those cases is quite persuasive. *See, e.g., Tammero v. Saul*, No. 19-cv-02234, 2020 WL 7480661, *9; 2020 U.S. Dist. LEXIS 238238, *26 (M.D. Pa. Dec. 18, 2020)

When the vocational expert listed "racker" as a potential job for Baker, the ALJ immediately asked whether the job conflicted with the overhead reaching limitation, as the DOT does not specifically address overhead reaching. *See id.* at 88 ("So when I heard the term racker, it made me think of reaching and when I asked you to consider no more than frequent reaching in all other directions with no reaching overhead, this specific job in your opinion doesn't require more than frequent reaching?"). The vocational expert replied, "It doesn't." *See id.* The ALJ, thus, complied with his duty to resolve any potential conflicts. *See Zirnsak*, 777 F.3d at 617. But the ALJ's efforts continued.

Later in the hearing, the ALJ reaffirmed that the jobs the vocational expert provided do not conflict with the overhead reaching limitation. *See* doc. 12-15 at 89 (confirming that in performing the jobs provided, the claimant "would not actually be reaching overhead."). At bottom, the ALJ addressed the issue of a potential conflict and confirmed that the jobs at issue do not require overhead reaching, which the ALJ credited. As such, there was no error. *See Turner v. Bisignano*, No. 25-

---

(with respect to overhead reaching, "when an ALJ relies on a VE's expertise concerning specific limitations to which the DOT is silent, a conflict does not exist").

Page 10 of 16

570, 2026 WL 497533, at *8 (M.D. Pa. Feb. 23, 2026) (collecting cases) (finding that regardless of an apparent conflict, remand is not warranted when the ALJ addresses and resolves the potential issue with the vocational expert on the record).

> **B.    The ALJ's evaluation of the medical opinion evidence is supported by substantial evidence.**

Baker next argues that the ALJ improperly disregarded the opinions of her mental health providers. *See* doc. 17 at 25. Under the standards applicable to this claim, first filed prior to 2017, an ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999), citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985). A treating source opinion is given controlling weight when the nature and severity of a claimant's impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001), quoting 20 C.F.R. § 404.1527(d)(2).

Here, although the ALJ gave little weight to the opinions of the treating physician, Dr. Gertsman, and CRNP Gondon, the ALJ provided adequate supporting explanations. *See* doc. 12-15 at 17. As to Dr. Gertsman, the ALJ noted that that medical opinion found an extreme level of limitation in mental functioning "without any reference to objective findings." *Id.* Moreover, the limitations were "inconsistent with conservative treatment" and the objective clinical findings from the treatment records. *Id.* Contrary to Baker's contention that the ALJ discounted Dr. Gertsman's opinion based solely on one record from 2024 (doc. 17 at 26), the ALJ referenced Baker's longitudinal treatment records which demonstrated normal mental functioning. *See* doc. 12-15 at 15 (citing records from 2014 through 2024). The ALJ need not explain more than that. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024) (explaining that the ALJ need only provide the "dispositive reasons for their decisions, not everything else that they considered.").

The ALJ's analysis of nurse Gondon's opinion is also supported by adequate explanation. The ALJ explained that the nurse's opinion is given limited weight because it is "internally contradictory," as it indicates a general "inability to perform unskilled work but then finding

Page 12 of 16

several areas of ability in performing semiskilled and skilled work." There was no error in discounting this opinion given its internal inconsistency. *See Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes); *Solberg v. O'Malley*, No. 23-2639, 2024 WL 1943328, at *6 (E.D. Pa. Apr. 30, 2024) (finding an ALJ's consistency assessment, which determined a medical opinion unpersuasive because it was inconsistent with the source's own treatment notes, "well-reasoned and adequate").

Finally, Baker contends that the ALJ gave too much weight to state agency consultants because the opinions were based on outdated opinions from 2013, 2017, and 2020. *See* doc. 17 at 32-33. There is nothing surprising about the ALJ relying on records and opinions that span the lengthy history of this prolonged case, and, indeed, nothing erroneous either. The Court of Appeals for the Third Circuit has held that the Social Security regulations "impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Chandler v.*

Page 13 of 16

*Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Because state agency review ordinarily precedes the ALJ's decision, there is always some time lapse between the consultant's report and the ALJ hearing and decision. *Id.* Thus, an ALJ is entitled to rely on a medical opinion based on medical records dated several years prior to the ALJ's decision. *See id.*, citing *Morales v. Apfel*, 225 F.3d 310, 312-13 (3d Cir. 2000) (upholding a 1997 ALJ decision based on records from 1989 through 1994), and then citing *Hartranft v. Apfel*, 181 F.3d 358, 360-61 (3d Cir. 1999) (finding substantial evidence where the ALJ relied on six-year-old-medical records). Here, the ALJ adequately evaluated the state agency consultants' opinions and gave them different weight based on their consistency with the objective medical evidence. *See* doc. 12-15 at 18 (significant weight), 19 (partial weight), 20 (little weight). The ALJ properly evaluated and relied on the credible medical opinions and records.

## C.   The ALJ's step two determination, at worst, included harmless error.

Baker next argues that the ALJ erred at step two by failing to find that Plaintiff's hearing impairment was severe. Doc. 17 at 34. Any such error was harmless, and Baker recognizes as much.[3]

The step-two inquiry is a *de minimis* screening device to dispose of groundless claims. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). At step two, the claimant has the burden to show that her impairments qualify as severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). To meet that burden, a claimant must present more than her own testimony and medical diagnoses, and present evidence that claimed conditions significantly limited the ability to do basic work activities or impaired capacity to cope with the mental demands of working. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 (3d Cir. 2007), citing 20 C.F.R. § 404.1520(c). However, a step two error is not a valid basis for remand

---

[3] Baker incorrectly asserts that "the error is not harmless where, as here, the ALJ has found an impairment not medically determinable." Doc. 17 at 34. But the ALJ did find Baker's hearing loss an impairment. *See* doc. 12-15 at 8. And, as implied in Baker's argument, an error is harmless when the ALJ has found an impairment as medically determinable, whether it be severe or non-severe, and the ALJ progresses to a later step and discusses the impairment. *Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020).

Page 15 of 16

when an ALJ concludes the step in favor of a claimant and progresses to a later step. *Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020).

Here, the ALJ did just that. *See* doc. 12-15 at 16. At step two, the ALJ specifically identified that Baker's "bilateral mixed hearing loss" is a medically determinable impairment, but that it was not severe. *Id.* at 8. Because the ALJ found at step two that Baker's hearing loss is an impairment, the ALJ progressed to the RFC stage and added a limitation, to address that hearing impairment, to avoid a moderate noise level. *See id.* at 16. The Court, therefore, finds that any step two error—if the conclusion was indeed error—was harmless. *See Orr*, 805 F. App'x at 88.

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV.   **CONCLUSION**

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: June 3, 2026                         s/*Sean A. Camoni*
                                           Sean A. Camoni
                                           United States Magistrate Judge